# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OCEANA, INC. | ) |
|       Plaintiff, | ) Civil No. 1:08-cv-1881-PLF |
| v. | ) |
| | ) **FEDERAL DEFENDANTS'** |
| PENNY PRITZKER, Secretary of Commerce, et al.,[1] | ) **NOTICE OF SUPPLEMENTAL** |
| | ) **AUTHORITY** |
|       Defendants, | ) |
| and | ) |
| FISHERIES SURVIVAL FUND, | ) |
|       Defendant-Intervenor. | ) |

A central issue in the captioned case is whether the National Marine Fisheries Service ("NMFS") reasonably interpreted the phrase "reduce appreciably" in the Endangered Species Act ("ESA") implementing regulations, 50 C.F.R. § 402.02 (defining "jeopardize the continued existence of"). Federal Defendants hereby notify the Court and the parties of a proposed rule, issued jointly by NMFS and the U.S. Fish and Wildlife Service ("FWS"), clarifying the agencies' interpretation of the phrase "reduce appreciably" in the context of the ESA implementing regulations. See 79 Fed. Reg. 27060 (May 12, 2014) (attached hereto as Exhibit 1).

In its summary judgment briefs, NMFS argued that the Court need not resolve the parties' dispute over the definition of "reduce appreciably," because the agency's conclusion that the Atlantic scallop fishery would not jeopardize the continued existence of loggerhead sea

---

[1] Secretary Pritzker is substituted for Rebecca Blank pursuant to Fed. R. Civ. P. 25(d).

turtles is correct under any reasonable definition of the phrase. See ECF No. 88-1 at 35-38; ECF No. 96 at 10. NMFS also argued in the alternative that, if the Court were to review the definition of "reduce appreciably" adopted by NMFS in its 2008 biological opinion, the Court should defer to NMFS' reasonable interpretation of its own regulation. ECF No. 88-1 at 38-40; ECF No. 96 at 11-13. The 2008 biological opinion relied on the interpretation of "appreciably" in the NMFS/FWS Consultation Handbook definition of "appreciably diminish the value" of critical habitat, which is "to considerably reduce the capability of designated or proposed critical habitat to satisfy the requirements essential to both the survival and recovery of a listed species." ECF No. 88-1 at 38-39.

In the May 12, 2014 proposed rule, NMFS and FWS state that "the portion of the definition [of appreciably diminish the value] that requires a reduction in the likelihood of 'both the survival and recovery' of listed species is no longer valid." 79 Fed. Reg. 27063. The proposed rule also addresses the definition of "appreciable." The Services explain that they looked to the definition of "appreciate," which is to "recognize the quality, significance, or magnitude" or "grasp the nature, worth, quality or significance." Id. With respect to the regulatory definition of "jeopardize the continued existence of," NMFS and FWS state that the reduction must be "one we can recognize or grasp the quality, significance, magnitude, or worth of in a way that makes a difference to the likely survival and recovery of the listed species." Id. at 27064. Relevant to this case, the Services specifically note that defining "appreciable" to mean "noticeable" or "measureable" would be "too simplistic because, to determine a diminishment of the conservation value – or a reduction, lessening, or weakening of that value – one would have had to be able to notice or recognize the diminishment." Id. at 27063. In this case, Plaintiff advances the same definition of "appreciably" that was rejected by the Services in the proposed

2

rule. See ECF No. 87 at 35 ("A common dictionary definition of 'appreciably' is 'to an appreciable extent or degree: Noticeably.'"); id. ("Webster's [Third New International Dictionary] defines 'appreciable' as 'capable of being perceived' or measured").

Dated:  May 12, 2014                                  Respectfully Submitted,

                                        ROBERT G. DREHER, Acting Asst. Atty. General
                                        SETH M. BARSKY, Section Chief
                                        KRISTEN L. GUSTAFSON, Asst. Section Chief

                                        /s/ *Kristen Byrnes Floom*
                                        KRISTEN BYRNES FLOOM, Trial Attorney
                                        DC Bar No. 469615
                                        United States Department of Justice
                                        Environment & Natural Resources Division
                                        Wildlife & Marine Resources Section
                                        P. O. Box 7611
                                        Washington, D.C.  20044-7611
                                        (202) 305-0340 (tel)
                                        (202) 305-0275 (fax)
                                        Attorneys for Defendants

Of counsel:
Julie Williams
Kevin Collins
National Oceanic and Atmospheric Administration
Office of the General Counsel, Northeast Section
55 Great Republic Drive
Gloucester, MA 01930-2276