UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| OCEANA, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| WILBUR L. ROSS, United States Secretary of Commerce, et al., | ) Civil Action No. 08-1881 (PLF) |
| Defendants, | ) |
| and | ) |
| FISHERIES-SURVIVAL FUND, | ) |
| Defendant-Intervenor. | ) |

MEMORANDUM OPINION AND ORDER

On October 1, 2020, this Court issued an opinion [Dkt. No. 155] and order [Dkt. No. 154] remanding the case to the National Marine Fisheries Services ("NMFS") because of deficiencies in the Incidental Take Statement ("ITS") for the Biological Opinion issued by NMFS respecting the impact of the Atlantic Sea Scallop Fishery on the Northwest Atlantic distinct population segment of loggerhead sea turtles. In its opinion, the Court directed "NMFS either to more clearly explain whether there is a correlation between the dredge hour surrogate and the numerical take limit . . . or, if unable to do so, to select a more appropriate surrogate or other mechanism for monitoring loggerhead takes resulting from dredge fishing." October 1, 2020 Opinion at 24. The Court further directed "NMFS to explain the discrepancy between its briefing in this Court and the second revised ITS regarding the reliability of the

bycatch estimates for sea turtles from the dredge fishery." Id.  The Court's order also directed NMFS to submit status reports every sixty days, updating the Court on its formal consultation process.  See October 1, 2020 Order at 2.

The Court ordered the parties to "meet and confer in order to propose a schedule by which the [NMFS] will address the deficiencies identified" in the opinion.  See October 1, 2020 Order at 1.  The parties were directed to "file a joint status report informing the Court whether they have reached agreement on a proposed schedule" or, if they failed to reach an agreement, "inform[ing] the Court of their respective positions."  Id.  The parties met and conferred on October 23, 2020, and October 29, 2020, but did not reach an agreement on a proposed schedule.  See Joint Status Report of October 30, 2020 ("Joint Status Report") [Dkt. No. 156] at 2.  They therefore filed a Joint Status Report setting forth their respective positions.

After reviewing the Court's opinion and order, NMFS determined that rather than attempting to more clearly explain the dredge hour surrogate, it will abandon it entirely and revise the monitoring plan for the ITS.  See Joint Status Report at 3.  NMFS states that it is currently reviewing updates to the "Murray model" for calculating bycatch estimates to "determine whether the model, either as described or with modification to address potential limitations, is an appropriate monitoring tool."  Id. at 4.  NMFS requests four months – until March 1, 2021 – to complete its review of the Murray model and determine whether it is an appropriate monitoring tool.  See id.  In the event that NMFS determines that the Murray model is not an appropriate monitoring mechanism, it requests an additional ten months to "develop a new mechanism," and states that it is already considering "several alternative approaches."  Id. at 5.  In total, NMFS requests fourteen months – until January 1, 2022 – to complete the remand.

Oceana asserts that NMFS's "proposed schedule is unreasonable and demonstrates their pattern of delay and misconduct that this Court found necessitated 'greater judicial oversight.'" Joint Status Report at 2-3 (quoting October 1, 2020 Opinion at 18-24). Oceana urges the Court to give NMFS only until March 1, 2021, to complete the remand in its entirety. It asserts that this proposed deadline would ensure NMFS completes "remand before the start of the loggerhead sea turtle migration to the mid-Atlantic region" and ensure that these proceedings are not further unreasonably delayed. See id. at 3.

The Court declines to adopt either party's proposed schedule. Oceana's proposed deadline of March 1, 2021, does not afford NMFS sufficient time to adequately address the deficiencies noted in the Court's October 1, 2020 opinion. But in view of the history of this case, the Court is unwilling to give NMFS fourteen months to complete the remand. Nor does the Court see any reason to split the remand into two parts. This Court has twice before remanded the ITS at issue here, directing NMFS to more clearly explain the relationship between the dredge hour surrogate and the loggerhead take limit, or to select a more appropriate surrogate. See October 1, 2020 Opinion at 4-7. NMFS has twice failed to do either. It now requests fourteen months to identify a more appropriate monitoring mechanism, which is precisely what it should have been doing since the Court's first remand in December 2014. See id. at 4. The Court concludes that NMFS must complete the remand in fewer than fourteen months. Accordingly, it is hereby

ORDERED that the National Marine Fisheries Services shall have until July 1, 2021, to complete the remand by either selecting the Murray model as the monitoring mechanism or developing a new monitoring mechanism that addresses the deficiencies identified in the Court's October 1, 2020 opinion; and it is

FURTHER ORDERED that the National Marine Fisheries Services shall submit a status report every sixty days, updating the Court on both the status of the remand and the status of reinitiation.  The Court recognizes that the first of the scheduled status reports currently is due on November 30, 2020.  NMFS therefore is not required to include an update regarding remand in this upcoming status report.  It shall, however, provide the Court with an update on the status of the remand in every subsequent status report, beginning with the status report due on January 29, 2021.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE:  November 13, 2020